# EXHIBIT A

# EXHIBIT A

Jeremy R. Cronin (SBN 270284)
Jurewitz Law Group
600 B Street, Suite 1450
San Diego, CA 92101
Tel: (619) 233-5020
Fax: (888) 233-3180

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
05/10/2021 at 03:19:23 PM
Clerk of the Superior Court
By Regina Chanez, Deputy Clerk

Attorney for Plaintiff,
MAHA KARMO

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| KARMO, MAHA, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Unlimited Civil<br>Case No.: 37-2021-00020655-CU-PO-CTL<br><br>**COMPLAINT FOR PERSONAL INJURIES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MAHA KARMO, an individual, respectfully alleges as follows:

### PARTIES

1. Plaintiff MAHA KARMO ("Plaintiff") is, and at all times herein mentioned, was a resident of the City of Spring Valley, County of San Diego, State of California.

2. Defendant COSTCO WHOLESALE CORPORATION ("COSTCO") is, and at all times mentioned herein, was a Washington corporation doing business in the City of La Mesa, State of California, including, but not limited to, the Subject Premises, located at 8125 Fletcher Parkway, La Mesa,

COMPLAINT - 1

CA 91942 ("Subject Premises") as COSTCO WHOLESALE.

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and, therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to insert their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is legally responsible for the events and happenings referred to herein, and legally caused injuries and damages thereby to Plaintiff as herein alleged. Plaintiff's injuries as hereinafter alleged were proximately caused by the acts of such Defendants, and each of them.

4. COSTCO and DOES 1 through 100 will hereinafter be referred to collectively as "DEFENDANTS."

5. Plaintiff is informed and believes and, on that basis, alleges that at all times herein mentioned, each of the DEFENDANTS was the agent and employee of the remaining DEFENDANTS, and was acting within the scope and purpose of such agency and employment in doing the acts herein alleged. Accordingly, each of the DEFENDANTS is vicariously liable for the actions and omissions of the other DEFENDANTS, as alleged more fully herein.

## JURISDICTION AND VENUE

6. This litigation arises out of or is connected with the DEFENDANTS' activities within the State of California.

7. The incident complained of occurred within the City of La Mesa, located within the County of San Diego, thirteen miles or less from the San Diego Superior Court, Central Division.

## GENERAL ALLEGATIONS

8. On or about March 12, 2020, Plaintiff was a customer at the Subject Premises. As Plaintiff approached the Subject Premises, near the area of the front entrance, Plaintiff slipped and fell on a puddle of water that had been allowed to accumulate (hereinafter "Slipping Hazard"). The slip and fall caused Plaintiff to fall and sustain serious injuries to her body.

9. Plaintiff is informed and believes and thereon alleges that DEFENDANTS, and each of them, had a duty to use reasonable care in keeping, maintaining, operating, and controlling the Subject

Premises in a reasonable and safe condition, so as not to endanger persons entering onto the premises, including Plaintiff, from the possibility of unreasonable danger and damage.

10. Defendants, and each of them, breached their duty to Plaintiff, in failing to act reasonably, and with due care, in keeping, maintaining, operating, and controlling the Subject Premises in a reasonable and safe condition, which would not create a serious danger to persons on the premises, including Plaintiff.

11. When she slipped and fell on the Slipping Hazard, Plaintiff sustained multiple debilitating injuries, resulting in great pain and suffering. As a result of these debilitating injuries, Plaintiff has been required to seek extensive medical treatment.

12. Plaintiff's injuries and damages were, and are, a direct and legal result of DEFENDANTS' conduct regarding the Slipping Hazard, including the negligent maintenance of the Subject Premises.

## FIRST CAUSE OF ACTION

### Premises Liability

### (Against DEFENDANTS)

13. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

14. Prior to and at the time of the incident, DEFENDANTS owned, controlled, managed, possessed, and maintained the Subject Premises, including but not limited to the area where the Slipping Hazard was located.

15. Prior to and at the time of the incident, DEFENDANTS had a duty to exercise ordinary care to avoid exposing person to unreasonable risks of harm due to their ownership, control, management, possession, and/or maintenance of the Subject Premises, including but not limited to the area where the Slipping Hazard was located. Moreover, DEFENDANTS were required to use reasonable care to discover any unsafe conditions at the Subject Premises and to repair, replace, or give adequate warning of anything that could reasonably be expected to harm others.

16. DEFENDANTS breached their aforementioned duty by failing to properly maintain the Subject Premises, and specifically the Slipping Hazard, which created a condition of unreasonable harm to Plaintiff and other members of the general public. Ultimately, the Slipping Hazard caused injuries to Plaintiff during the incident.

17. DEFENDANTS were fully aware of the potential dangers associated with the Slipping Hazard due to the condition and location of the Slipping Hazard.

18. Alternatively, DEFENDANTS should have been fully aware of the potential dangers associated with the Slipping Hazard if a proper inspection of the Subject Premises were conducted.

19. Despite the foregoing, DEFENDANTS were negligent in their use and/or maintenance of the Subject Premises, as they failed to repair the dangerous condition created by the Slipping Hazard, failed to protect others from the dangerous condition created by the Slipping Hazard, and failed to give adequate warning of the dangers presented by the dangerous condition created by the Slipping Hazard.

20. Prior to and at the time of the Subject Incident, DEFENDANTS had the opportunity, ability and duty to prevent the occurrence of incidents of the nature involved in this matter, which were reasonably foreseeable, by addressing the dangerous condition associated with the Slipping Hazard, but negligently failed to take any reasonable measure to do so.

21. The Subject Incident, which caused Plaintiff's injuries, was the direct and legal result of the aforementioned conduct of DEFENDANTS.

22. As a result of DEFENDANTS' conduct, Plaintiff required extensive medical care and incurred costs associated with said medical care. Plaintiff is informed and believes and thereon alleges Plaintiff will require future medical care and will incurred additional future medical costs related to the injuries Plaintiff sustained.

23. As a result of DEFENDANTS' conduct, Plaintiff suffered pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and/or emotional distress. Plaintiff is informed and believes and thereon alleges that Plaintiff will continue to suffer from pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and/or emotional distress because of DEFENDANTS' conduct.

### SECOND CAUSE OF ACTION

#### Negligence

#### (Against DEFENDANTS)

24. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

25. At all times relevant herein, DEFENDANTS knew or should have known that the Slipping Hazard created a dangerous condition at the Subject Premises, thereby exposing Plaintiff and the general public to a foreseeable and unreasonable risk of physical harm.

26. At all times mentioned herein, DEFENDANTS had a duty to ensure that the Subject Premises did not contain dangerous conditions that subject people to unreasonable risks of harm. Moreover, to the extent such dangerous conditions did exist, DEFENDANTS had a duty to repair the dangerous condition and/or warn of the existence of such dangerous condition.

27. At all times mentioned herein, DEFENDANTS had a duty to warn Plaintiff and others of the potential dangers related to the Slipping Hazard.

28. Plaintiff is informed and believes and thereon alleges that DEFENDANTS, on their own behalf or by and through their agents, breached their duties by designing, building, installing, maintaining, repairing and/or constructing the area in which the Slipping Hazard was located in such a way that it posed a foreseeable and unreasonable risk of harm to others, including Plaintiff.

29. DEFENDANTS further breached their duties by failing to ensure that Slipping Hazard was immediately repaired and/or by failing to warn Plaintiff of the potential dangers related to the Slipping Hazard, and furthermore, failing to ensure that the Slipping Hazard would not endanger Plaintiff or other persons.

30. The Subject Incident, which caused Plaintiff's injuries, was the direct and legal result of the aforementioned conduct of DEFENDANTS.

31. As a result of DEFENDANTS' conduct, Plaintiff required extensive medical care and incurred costs associated with said medical care. Plaintiff is informed and believes and thereon alleges Plaintiff will require future medical care and will incurred additional future medical costs related to the injuries Plaintiff sustained.

32. As a result of DEFENDANTS' conduct, Plaintiff suffered pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and/or emotional distress. Plaintiff is informed and believes and thereon alleges that Plaintiff will continue to suffer from pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and/or emotional distress because of DEFENDANTS' conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages according to proof;
2. For special damages for medical and incidental expenses according to proof;
3. For costs of suit herein incurred;
4. For pre-judgment interest as provided by law; and
5. For such other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury for this matter.

Dated: April 28, 2021

Jurewitz Law Group

By: _____
JEREMY R. CRONIN
Attorney for Plaintiff,
MAHA KARMO